

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/21/2011

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CHRISTOPHER E. BRAUGHTON, | ) | CASE NO. 10-41742-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a trial on the "Objection to Claim #5 of Asset Acceptance LLC" (Docket No. 24) filed by Christopher E. Braughton. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered disallowing the claim. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Christopher E. Braughton ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 30, 2010.

Asset Acceptance LLC ("Asset") filed an unsecured proof of claim, in the amount of $4,162.43, asserting that it is a successor in interest to Debtor's obligation to Direct Energy.

Debtor objects to Asset's claim, on grounds any obligation of Debtor to Direct Energy is barred by limitations.

Asset offered into evidence a business records affidavit authenticating four pages of Asset's records. The last page appears to be an account statement, dated February 12, 2007, listing Debtor's name and address, reflecting electric service by Direct Energy.

Debtor testified that he occupies the property, and has occupied the property since 2002. He testified that, since at least four years prepetition, his electric service has been provided by Reliant Energy.

## Conclusions of Law

When a proof of claim is filed, the party filing the claim is presumed to have made a prima facie case against the debtor's assets. The objecting party must produce evidence rebutting the presumption raised by the proof of claim. If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim. The claiming party, through this process, bears the ultimate burden of proof. In re Fidelity Holding Company, Ltd., 837 F.2d 696, 698 (5th Cir. 1988); In re Missionary Baptist Foundation of America, 818 F.2d 1135, 1143-1144 (5th Cir. 1987).

In the instant case, Debtor's testimony that Reliant Energy was his electric provider is sufficient to rebut the presumption that the claim is valid. The document submitted by Asset is insufficient to prove the claim by a preponderance of

the evidence.  The court concludes that the claim should be disallowed.

Based on the foregoing, a separate Judgment will be entered disallowing the claim.

Signed at Houston, Texas on July 21, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE